Chris J. Zhen
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036
Ph: (213) 935-0715
Email: chris.zhen@zhenlawfirm.com

Hogan Ganschow
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036
Ph: (805) 664-1222
Email: hogan.ganschow@zhenlawfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY HUMPSTON,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS BLACK; ANTHONY HAWK; THE BERRICS, LLC; DOES 1-10,<br><br>    Defendants | Case No.: 2:20-cv-10018<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, AND UNFAIR COMPETITION;<br><br>DEMAND FOR JURY TRIAL |

Plaintiff WESLEY HUMPSTON, by and through his attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

4. Plaintiff Wesley Humpston is an individual who resides and does business in the Central District of California.

5. Defendant Thomas "Jack" Black (hereinafter Jack Black) is an individual who Plaintiff is informed and believes resides in the Central District of California.

6. Defendant Anthony "Tony" Hawk (hereinafter Tony Hawk) is an individual who Plaintiff is informed and believes resides in the Southern District of California.

7. Defendant The Berrics, LLC is a California corporation with its principal place of business located at 2535A E 12th Street in Los Angeles, in the Central District of California. The Berrics, LLC is a skateboarding and social media company.

8. The true names and capacities of Defendants Does 1 through 10 are presently unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some capacity for matters herein

alleged. Plaintiff will amend this complaint to state the true names and capacities of Does 1 through 10 when they are ascertained.

## BACKGROUND FACTS

9. Plaintiff is a graphic artist who has been designing skateboard art since 1975. Due to his iconic, original, artistic style, and the fact that he was the first artist to use a skateboard as a canvas for graphic artistic expression, Plaintiff earned the reputation as "The Godfather of Skateboard Art" among his peers and within the skateboard community at large. Plaintiff and his artwork have been featured in books, magazines, and documentary movies exploring the use of skateboards as a medium for graphic art.

10. In 1976, Plaintiff entered into a limited licensing deal with Dogtown Skateboards, a skateboard shop located in Southern California, which allowed Dogtown to sell and distribute Plaintiff's art on skateboards. As one of the original skateboard brands to see commercial success, Dogtown Skateboards leaned heavily on Plaintiff's art to successfully market its brand and sell its products. Now, almost fifty years later, Dogtown Skateboards is known within the skateboard community and among skateboarding historians, as the seminal brand that helped jumpstart a multibillion-dollar industry.

11. Beginning in the late 1990s, skateboards featuring Plaintiff's original art became highly valuable to collectors looking to claim their piece of skateboarding history. As skateboarding grew more popular as a sport and a culture in the 2000s and beyond, skateboards featuring Plaintiff's art saw renewed interest.

12. In 2007, Plaintiff sought and obtained a copyright for the "BigFoot Graphic.", which he registered under Registration Serial Number VA0001670268 / 2007-12-28, with a date of creation of 1979.



*BigFoot Graphic
VA0001670268*

13. Plaintiff has not entered into any licensing agreements with any parties to use the artwork from the "BigFoot Graphic." since 2010, and Plaintiff does not currently have any licensing agreements for any parties to use the artwork.

14. As skateboarding has seen an explosion in popular interest, other industries have sought to capitalize on the massive consumer interest in the sport and its celebrity icons. Most notably, skateboarding video games have been wildly popular, and have helped launch the profile of niche skateboarding athletes, like Defendant Tony Hawk, into superstar celebrity status. Video game company Activision produces the *Tony Hawk* series of video games, which has at least 23 different titles for every major video gaming platform, claims some of the best-selling and most popular video games ever created, and has made its namesake, Defendant Tony Hawk, a fortune in royalties.

15. In 2020, Activision sought to continue to capitalize on the popularity of the video game series, with the latest iteration of the *Tony Hawk* series, *Tony Hawk's Pro Skater 1+2*. One of the features of the new video game is the ability to "unlock" and play as "Officer Dick", a character

played by celebrity actor, Defendant Jack Black. Plaintiff is informed and believes, and thereby alleges that Defendant Jack Black was incentivized monetarily and by increased exposure to his personal brand to appear in the video game and make it as commercially successful as possible.

16. In a series of social media posts and videos created and distributed on Instagram, Facebook, Twitter, and YouTube from February 23, 2020 through August 28, 2020, which Plaintiff is informed, believes, and thereby alleges were coordinated to promote the release of the *Tony Hawk's Pro Skater 1+2* video game, Defendants Tony Hawk, Jack Black, and The Berrics prominently feature a skateboard that uses a design containing a clear imitation of Plaintiff's "BigFoot Graphic", labeled as such "BigFoot II", but without Plaintiff's permission. These social media posts, in part, promote the sale of Jack Black signed editions of the "BigFoot II" skateboards and altogether garnered millions of engagements.

17. Since its release on September 4, 2020, *Tony Hawk's Pro Skater 1+2* has been the fastest selling game in the history of the video gaming industry.


*Screenshot from an Instagram post from July 28, 2020 made by an account owned by The Berrics featuring Jack Black holding the "BigFoot II" skateboard and promoting the sale of signed "BigFoot II" skateboards.*


*Screenshot from a Facebook post from May 22, 2020 showing Jack Black as "Jablinski Games head honcho" promoting Eric Koston, part owner of The Berrics, kickflipping the "BigFoot II" skateboard.*



*Screenshot from an Instagram video post made by The Berrics on July 28, 2020, showing Jack Black holding the "BigFoot II" skateboard.*



*Screenshot of a Twitter post made by Tony Hawk on August 28, 2020 featuring the "BigFoot II" skateboard where Tony Hawk thanks Jack Black for helping him promote the new Tony Hawk Pro Skater 1+2 video game.*



*Screenshot of a Facebook post made by The Berrics on May 14, 2020, prominently featuring Jack Black holding the "BigFoot II" skateboard alongside the original cast of the Tony Hawk's Pro Skater video game.*



*Screenshot of a May 14, 2020 video published on The Berrics Youtube channel prominently featuring Jack Black holding the "BigFoot II" skateboard alongside the original cast of the Tony Hawk's Pro Skater video game.*

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

18. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

19. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. ("Copyright Act"), and all amendments thereto) to reproduce, distribute, or license the reproduction and distribution of "BigFoot Graphic" described in paragraph 11(a) of this Complaint.

20. The "BigFoot Graphic" is an original work created by Plaintiff, copyrightable under the Copyright Act. An application for registration of Plaintiff's Copyrights in the "BigFoot Graphic" has been duly filed in the United States Copyright Office, all applicable formalities and notice requirements under the Copyright Act have been duly complied with, and Plaintiff has thereby secured and now owns the exclusive right and privilege to enforce its rights in such Copyright.

21. Plaintiff is informed and believes and thereupon alleges that Defendants used and displayed in online media a work sufficiently similar to the "BigFoot Graphic", of which Plaintiff is the owner of exclusive rights, and have done so without Plaintiff's authorization for sale, license, display, and/or use in the United States and elsewhere.

22. Defendants have infringed Plaintiff's exclusive rights in the "BigFoot Graphic" by using and displaying an imitation "BigFoot Graphic" on a skateboard, to wit, the "BigFoot II" skateboard, in online media and promotional advertising.

23. Plaintiff has never authorized Defendants, by license or otherwise, to use or display the "BigFoot Graphic", or any imitation thereof, in any way.

24. Each infringing use of the "BigFoot Graphic" or any imitation thereof, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act.

25. Defendants have realized unlawful and unjust profits from the unauthorized and illegal display and use of the "BigFoot II" skateboard in online media and promotional material insofar as such illegal and unauthorized use aided in the promotion and sale of the new *Tony Hawk* video game and assisted in boosting the online viewership and brand recognition of the Defendants on social media and elsewhere. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the BigFoot Graphic in an amount to be established at trial.

26. Defendants have continued to infringe said Copyrights in the "BigFoot Graphic", and unless temporarily, preliminarily, and permanently enjoined by Order of this Court, will continue to infringe said Copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain.

27. Defendants have committed and continue to commit all of the aforesaid acts of infringement deliberately, willfully, intentionally, and without regard to Plaintiff's proprietary rights.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

28. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all previous paragraphs of this Complaint.

29. Defendants have received revenues, royalties, profits, income and other financial benefits as a result of their use of the "BigFoot II" skateboard in promotional media, insofar as such media increased the online engagement of the respective Defendants' social media pages and personal brands, and helped sell the *Tony Hawk* video game.

30. The financial benefits conferred upon Defendants were obtained at Plaintiff's expense, in that Plaintiff expended his time, labor, personal connections and goodwill to create the intellectual property that formed the artistic foundation of the "BigFoot II" design, and Plaintiff has personal pecuniary interests in keeping control over the source and supply of skateboards featuring the "BigFoot Graphic".

31. As a result, Defendants have been unjustly enriched at the expense of Plaintiff, and it would be unjust for Defendants to retain any financial benefits received as a result of their unauthorized use of Plaintiff's intellectual property.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION

32. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all previous paragraphs of this Complaint.

33. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice".

34. By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Sections 17200, et seq., and California common law. This conduct includes Defendants' unauthorized use of Plaintiff's copyrighted work as postings on social media insofar as such postings increased the Defendants online engagement and personal brands, and helped promote the *Tony Hawk* video game.

35. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by obtaining financial benefits, and depriving Plaintiff of the compensation to which he is rightly entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing, or contributing to, or participating in the infringement by others, of the copyrights held by Plaintiff in any way;

2. That Defendants be required to account for and pay Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

4. For an award of attorneys' fees as provided by 17 U.S.C. § 505;

//
//
//
//
//
//

5. For an award of pre-judgment and post-judgment interest as determined by law;

6. For other such relief as the court deems just and proper.

Dated: October 30, 2020                                         Respectfully Submitted,

                                                                  ZHEN LAW FIRM

By: _____/s/_____
Chris J. Zhen

By: _____/s/_____
Hogan Ganschow

*Attorneys for Plaintiff, Wesley Humpston*

**DEMAND FOR JURY TRIAL**

Plaintiff Wesley Humpston hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: October 30, 2020             Respectfully Submitted,

ZHEN LAW FIRM

By: _____/s/_____
Chris J. Zhen

By: _____/s/_____
Hogan Ganschow

*Attorneys for Plaintiff, Wesley Humpston*